**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **BERKSHIRE INVESTMENTS, LLC,** | ) | |
| **an Illinois limited liability company,** | ) | |
| **d/b/a CHICAGO EXTRUDED** | ) | |
| **METALS COMPANY,** | ) | **No. 14 C 5020** |
| | ) | |
| **Plaintiff,** | ) | **Judge Jorge Alonso** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **AIRCRAFT HINGE, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant moves to dismiss this breach of contract suit pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(3) for improper venue, or in the alternative to transfer the case to the United States District Court for the Central District of California. For the reasons set forth below, the Court denies the motion.


**Discussion**

On a Rule 12(b)(3) motion to dismiss, the Court may examine facts outside the complaint to determine whether venue is proper but must resolve all factual conflicts and draw all reasonable inferences in plaintiff's favor. *First Health Grp., Corp. v. Sanderson Farms, Inc.*, No. 99 C 2926, 2000 WL 139474, at *2 (N.D. Ill. Jan. 28, 2000). Plaintiff bears the burden of proving that venue is proper. *Id.*

In relevant part, the venue statute states that a suit may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a

substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Defendant contends that the provisions of the statute are listed in order of precedence; that is, if a case satisfies both the first and second requirements for venue, the suit must be brought in the venue set forth in the first. However, defendant cites no authority for this proposition, and it violates the most basic tenet of statutory interpretation: "If the plain language of the statute is clear, we do not look beyond those words to interpret the statute." *Kelly v. Wauconda Park Dist.*, 801 F.2d 269, 270 (7th Cir. 1986); *see Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 192 (7th Cir. 1993) ("Only to avoid absurdity should a court depart from 'plain' language."). The plain language of the statute does not prioritize the first section over the second. Accordingly, the Court rejects defendant's assertion.

The Court also rejects defendant's argument that this district is not one in which a substantial part of the acts or omissions giving rise to the suit occurred. The allegations and exhibits to plaintiff's complaint show that plaintiff's principal place of business is in this district, defendant contacted plaintiff for a quote in this district, defendant sent purchase orders to plaintiff in this district, plaintiff produced the specifications and manufactured the brass bar for defendant's orders in this district, and plaintiff invoiced defendant from this district. (*See* Compl. ¶¶ 1, 6-22 & Exs. A-P; Pl.'s Resp. Mot. Dismiss, Ex. A, Masa Aff. ¶¶ 2-5.) Because most of the events underlying the suit took place here, this district is a proper venue for this case.

Alternatively, defendant asks the Court to transfer this case to the District Court for the Central District of California. Transfer is appropriate pursuant to 28 U.S.C. § 1404(a) if venue is

proper here, venue and jurisdiction would be proper in the Central District of California, and the transfer will serve both the private and public interests. *Simonian v. Hunter Fan Co.*, No. 10 C 1212, 2010 WL 3975564, at *1 (N.D. Ill. Oct. 7, 2010). "The movant . . . has the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986). Both this district, for the reasons discussed above, and the Central District of California, because defendant resides there, are appropriate venues for this suit. Therefore, the Court will focus on the private and public interests.

To determine whether a transfer serves the private interest, the Court considers: (1) plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; and (4) the convenience of the parties and witnesses. *Simonian*, 2010 WL 3975564, at *2. Plaintiff has chosen its home-state forum, a choice that "is given substantial deference." *H.B. Sherman Mfg. Co. v. Rain Bird Nat'l Sales Corp.*, 979 F. Supp. 627, 629 (N.D. Ill. 1997). As discussed above, Illinois is the situs of material events, and defendant does not contend that relevant non-testimonial evidence is exclusively in California or cannot be shipped here. *See IP Innovation L.L.C. v. Matsushita Elec. Indus. Co., Ltd.*, No. 05 C 902, 2005 WL 1458232, at *2 (N.D. Ill. June 13, 2005) (stating that the access-to-proof factor is neutral if documents can easily be shipped). Finally, defendant does not identify any non-party witness for whom litigating in this Court will be a burden or offer any evidence that suggests defendant itself will be unduly burdened by litigating here. *See Moore v. Motor Coach Indus., Inc.*, 487 F. Supp. 2d 1003, 1007-08 (N.D. Ill. 2007) ("The convenience of party witnesses is less relevant than the convenience of non-party witnesses, since party witnesses normally must appear voluntarily."); *Mattson ex rel. Mattson v. Gerry Wood Prods.*

*Co.*, No. 95 C 2314, 1997 WL 158334, at *1 (N.D. Ill. Mar. 31, 1997) ("Generally, proper consideration of th[e] [convenience-to-witnesses] factor requires the parties to identify with specificity the witnesses it intends to call as well as the *general content* of their proposed testimony.") (emphasis in original). Thus, the private interest factors militate against a transfer.

Defendant fares no better with the public interest factors, *i.e.*, the speed with which the case will be resolved, the courts' familiarity with the governing law, and the interest in having disputes resolved in the locale in which they arose. *See Simonian*, 2010 WL 3975564, at *2; *Cent. States, Se & Sw Areas Pension Fund v. Heid*, No. 93 C 5854, 1994 WL 55696, at *2 (N.D. Ill. Feb. 17, 1994). Though the case would likely get resolved sooner if it were transferred to California, the invoices contain an Illinois choice-of-law provision, and Illinois has an interest in resolving the disputes of businesses located here. *See* **http://www.uscourts.gov/Statistics/**FederalCourtManagement Statistics.aspx (follow "District Courts" hyperlink, then search California Central, Illinois Northern); (Pl.'s Mem Opp'n Def.'s Mot. Dismiss, Ex. 1, Masa Aff., Ex. A, Invoice ¶ 10.) Therefore, on balance, the public interest factors also militate against a transfer.

In short, defendant has not carried its burden of proving that the Central District of California is a "clearly more convenient" forum in which to litigate this suit. *See Coffey*, 796 F.2d at 219-20. Therefore, the Court denies its motion to transfer.

**Conclusion**

For the reasons set forth above, the Court denies defendant's motion to dismiss or transfer [10].

**SO ORDERED.**                    **ENTERED:  February 9, 2015**

_____
**HON.  JORGE ALONSO**
**United States District Judge**